68 F.3d 461
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Shauna D. PARKS, Plaintiff-Appellant,
and
Thaje R. PADGETT, Plaintiff,
v.
Thomas A. WILSON, Defendant-Appellee,
and
Paul WHITE; James Ruff; Mool Sekhawat; South Carolina
State University, Defendants.
 No. 95-1355.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 20, 1995.
Decided: October 18, 1995.
 
 John Allen O'Leary, O'Leary Associates, Inc., Columbia, SC, for Appellant. Thomas A. Wilson, Appellee Pro Se.
 Before WILKINSON, WILKINS, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The plaintiff, Shauna D. Parks ("Parks"), in a 42 U.S.C. Sec. 1983 action alleging sexual harassment, appeals a jury verdict in favor of the defendant, Thomas Wilson ("Wilson"). Finding no error, we affirm.
 
 
 2
 Parks was a graduate student in the Department of Human Services ("the Department") at South Carolina State University ("the University"). Wilson was a professor at the University and was chairman of the Department. Parks testified that she was required to pass an exam in order to graduate. Parks took the exam, which was graded by two assistant professors. After being informed by one of the professors that she failed the exam, Parks approached Wilson and asked to see the exam. Wilson said he could not produce the exam because it had been misplaced. Parks testified that Wilson then told her that she would need to have sexual intercourse with him in order to graduate. Parks did not allow Wilson to have sexual intercourse with her, but agreed to allow him to take photographs of her in the nude. According to Parks, the two arranged to meet at one of Wilson's rental properties.
 
 
 3
 On the advice of a friend, Parks had asked her father, now deceased, to accompany her for the meeting with Wilson. According to Parks, Wilson was initially unaware of her father's presence. When Wilson met Parks at the car, Parks's father revealed himself. At that point, according to Parks's testimony, Wilson said: "I give up. You graduate. You graduate. "
 
 
 4
 Wilson testified on his own behalf. Wilson stated that Parks contacted him when she learned that she failed the exam. Wilson told Parks he would look into the matter. Wilson then contacted the professor who graded the exam and discovered that the exams were missing. Wilson called a meeting with the two assistant professors, and all three decided to graduate Parks and another student who also had failed the exam.
 
 
 5
 After this meeting Wilson called Parks's mother and told her to send out graduation invitations. Parks returned the call and asked Wilson if she could come by his house and get something formally indicating that she had passed. Wilson stated he was going out to one of his rental properties and told Parks where the property was. Parks drove up and Wilson noticed that someone was with her. Parks kept asking if she would graduate. Wilson responded that he could only inform her that she had passed and that it was up to the graduating dean to decided whether she would graduate. Wilson said the conversation lasted seven to ten minutes, after which Parks left. Wilson denied ever offering to graduate Parks in exchange for sexual favors of any kind.
 
 
 6
 At the close of the evidence, Wilson's attorney requested a continuance prior to closing argument due to a conflict in his schedule. Parks did not object and the continuance was granted. When the trial resumed for closing argument eleven days later, Parks moved for a directed verdict. The district court denied the motion.
 
 
 7
 During closing, Wilson's attorney argued that a verdict for Wilson would give him back his reputation and that the jury held Wilson's reputation and Parks's accusations in the balance. Parks objected to the references to Wilson's reputation, arguing that it was unfair for Wilson to argue his good reputation when no evidence was presented on the subject and Parks was prohibited from presenting any evidence of bad reputation. The district court sustained the objection. Parks moved for a mistrial, but the motion was denied.
 
 
 8
 Parks initially joined her action with a similar action brought by Thaje Padgett ("Padgett"), also a student at the University. The district court severed the actions, finding that the circumstances giving rise to liability and the injuries to each plaintiff were so different that joinder was inappropriate. Padgett's action was tried first.
 
 
 9
 During the trial of Padgett's claim, Padgett was able to introduce evidence of Parks's allegations against Wilson under Fed.R.Evid. 404(b). Padgett alleged that, without provocation, Wilson walked up to her and in a sexually suggestive manner deliberately smeared her lipstick by wiping his thumb across her lips. The jury returned a verdict in favor of Padgett on her claims of battery and sexual harassment.
 
 
 10
 Prior to the start of Parks's trial, Wilson moved to suppress the introduction of Rule 404(b) evidence. The motion was granted and Parks was not permitted to introduce any evidence of other incidents of sexual harassment on the part of Wilson.
 
 
 11
 On appeal Parks argues that the district court erred in: (1) suppressing evidence of other incidents of sexual harassment; (2) delaying closing arguments for eleven days to accommodate Wilson's attorney's schedule; (3) denying Parks's motion for a directed verdict;* and (4) denying Parks's motion for a mistrial based on improper closing argument by Wilson's attorney.
 
 I.
 
 12
 The threshold requirements for admitting evidence under Fed.R.Evid. 404(b) are: (1) whether the evidence is relevant to an issue other than character, and (2) whether the probative value of the evidence is substantially outweighed by its prejudicial effect. Morgan v. Foretich, 846 F.2d 941, 944 (4th Cir.1988). This court will defer to a trial court's rulings under Rule 404(b) unless the rulings are an arbitrary, irrational exercise of discretion. Garraghty v. Jordan, 830 F.2d 1295, 1298 (4th Cir.1987). A district court's decision not to admit Rule 404(b) evidence will only be reversed for an abuse of discretion. Id.
 
 
 13
 Parks wanted to introduce evidence of Wilson's smearing Padgett's lipstick and evidence of Wilson's having been accused of raping a student. Although these incidents were similar to Parks's case in that they both involved graduate students, that is where the similarities ended. In neither case was Wilson accused of offering academic favors in exchange for sexual services. Clearly, the only relevance this evidence had was to show that Wilson was a bad person and, therefore, was more likely to commit bad acts. This is the type of evidence Rule 404(b) clearly proscribes. Thus, the district court properly suppressed the evidence.
 
 II.
 
 14
 Parks contended that she was prejudiced by the eleven-day delay between the close of evidence and the presentation of closing argument. She did not, however, allege how she was prejudiced. Additionally, Parks did not object until just prior to the presentation of closing arguments. Parks's failure to timely object limits this court to reviewing only for plain error. United States v. Jarvis, 7 F.3d 404, 410 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3574 (U.S.1994). "Plain error is an exception to the general rule that entitlement to appellate review is dependent upon a party's lodging a contemporaneous objection in the tribunal of first instance." Jarvis, 7 F.3d at 410. The granting of an eleven-day continuance between the close of evidence and closing argument is not plain error. Thus, even if Parks were prejudiced by the continuance, because she failed to timely object, she waived appellate review.
 
 III.
 
 15
 At the close of the evidence, Parks requested a directed verdict. Parks contends that the district court erred in denying the motion.
 
 
 16
 This court reviews de novo the grant or denial of a motion for a directed verdict. Gairola v. Virginia Dep't of General Services, 753 F.2d 1281, 1285 (4th Cir.1985). In considering a motion for a directed verdict, the evidence must be construed in the light most favorable to the nonmoving party. Garraghty v. Jordan, 830 F.2d 1295, 1302 (4th Cir.1987). A jury should not be allowed to consider a case if "without weighing the evidence or considering the credibility of the witnesses, 'there can be but one conclusion as to the verdict that reasonable jurors could have reached.' " Gairola, 753 F.2d at 1285 (quoting Wheatley v. Gladden, 660 F.2d 1024, 1027 (4th Cir.1981)).
 
 
 17
 Although there was significant evidence presented to support Parks's allegations, the decisive fact in this case--whether Wilson actually offered to graduate Parks in exchange for sexual favors--could only be decided by evaluating Wilson's credibility versus Parks's. The outcome of the case depended upon which person the jury found most believable. Thus, since the case revolved on a question of credibility, the district court properly denied Parks's motion for a directed verdict.
 
 IV.
 
 18
 Parks also contends that the district court erred in denying her motion for a mistrial after Wilson's attorney referred to Wilson's reputation during closing argument. The denial of a motion for a mistrial will be reversed on appeal only for a clear abuse of discretion. United States v. West, 877 F.2d 281, 287-88 (4th Cir.), cert. denied, 493 U.S. 959 (1989). Although a mistrial should be declared if the error is not likely to be cured by a remedial instruction, United States v. Tedder, 801 F.2d 1437, 1444 (4th Cir.1986), cert. denied, 480 U.S. 938 (1987), the moving party must show prejudice for the court's ruling to constitute an abuse of discretion. West, 877 F.2d at 288.
 
 
 19
 When Wilson's attorney referred to Wilson's reputation, Parks immediately objected, the objection was sustained, and the subject was not mentioned again. Additionally, the district court made it clear to the jury that closing arguments were not evidence. In light of these circumstances, the district court did not abuse its discretion in denying Parks's motion for a mistrial.
 
 
 20
 For the reasons set forth above, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Parks also claims that the district court erred in denying her motion for a judgment notwithstanding the verdict. However, the record does not reflect that such motion was ever made